**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOHN VIRGIL McCUTCHEON, Inmate #A00147,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **CIVIL NO. 04-558-JLF** |
| **DONALD YOUNG, DAVID CHEEKS, WARDEN BENSKO, NURSE CURRIE, WARDEN McCANN, and MAJOR POTTS,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, a former inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

COUNT 1:     Against Defendants Young, Bensko, Currie, McCann, and Potts for unlawfully retaliating against Plaintiff for filing grievances and complaints.

COUNT 2:     Against Defendant Potts and other unnamed defendants for violating Plaintiff's due process rights.

FACTUAL ALLEGATIONS

Plaintiff states that on January 24, March 25, and August 12, 2002, he was taken to Defendant Young's office because of letters he had written to various Illinois Department of Corrections ("IDOC") officials.  At these meetings, Defendant Young took various disciplinary actions against him, presumably for writing the letters.  Plaintiff states that on January 24 his security level was increased, on March 25 he was threatened with segregation "behind a steel door" and with charges of gang affiliation and "insighting riot."  On August 12, Defendant Young presented Plaintiff with his letters and other grievances and then sent him to segregation for 29 days. He also lost his prison job as a porter.  Upon his release from segregation, he was charged with dangerous communication, intimidation and threats, and false information.  He was found guilty of

the false information charge only. Plaintiff states that the false information charge was related to his refusal to drink spoiled milk that was offered to prisoners at Shawnee.

On December 13, 2002, Warden Parker (not a defendant) summoned Plaintiff to his office, presented him with grievances he had written, and threatened to place him in segregation. Plaintiff states the grievances were destroyed in violation of due process.

On August 26, 2003, Warden Bensko placed Plaintiff in segregation for writing complaints about staff receiving food not offered to prisoners. He was released eight days later without being charged with any disciplinary violation, but was warned he would be fired from his industries job if he continued to write letters of complaint.

On December 4, 2003, Warden Bensko came to Plaintiff's job assignment in industries and states "I'm going to show you the difference between heaven and hell . . . I'm thinking about firing you, shipping you." Plaintiff states these threats were a result of a newspaper article published in the *Chicago Defender* and naming Plaintiff. Later, on December 31, 2003, while Plaintiff was in the chow hall, Warden Bensko and two lieutenants were standing in the hall "pointing me out."

On May 6, 2004, Nurse Currie caused Plaintiff great pain because she did not use a butterfly needle when drawing his blood for labwork. Plaintiff states Nurse Currie did this intentionally because of Plaintiff's past complaints to her superior. Plaintiff filed a grievance against her, but it was never responded to and he was later told the grievance was lost.

On May 19, 2004, Warden McCann summoned Plaintiff to the Internal Affairs office. Defendant McGill was also present. Warden McCann told Plaintiff, "I just wanted to see what you look like," and that he would investigate the conflict with the nurse.

On June 14, 2004, while Plaintiff was in line for breakfast, Defendant Potts called Plaintiff

-3-

out of line and began yelling at him, using profanity, and threatening that if Plaintiff wrote one more complaint to the warden, he would be put in segregation.  Other prisoners could hear Defendant Potts shouting.  Then Potts told Officer Akin (not a defendant) within the hearing of Plaintiff and other prisoners that he would "get that [expletive] fired."  Plaintiff states that he was "terrified" and sought a conference with the prison psychologist and Assistant Warden Windsor (not a defendant) about the incident.  Shortly after his meeting with Windsor, he was fired from his industries job.

On June 16, 2004, two days after the incident with Defendant Potts, Counselor Ryan (not a defendant) contacted Plaintiff and asked him where he would like to transfer.  Ryan stated, "I don't know what you did, but somebody wants you out of here fast."  The transfer was denied by IDOC administrative officials.

On July 8, 2004, during a routine shakedown conducted by Defendant Potts, an unnamed prison official confiscated as contraband copies of the Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296 (2004), that Plaintiff had been carrying.  Plaintiff states that he pleaded not guilty at the subsequent disciplinary hearing, but that the adjustment committee report shows that he pleaded guilty.  No witnesses were called in the hearing.  Plaintiff claims these procedures violated due process.  According to the exhibit submitted with the complaint, Plaintiff was disciplined with a one-month commissary restriction and a one-month recreation restriction. Plaintiff also states that he was fired from his prison job shortly after this disciplinary action. Plaintiff later discovered that office employee Martha Childress (not a defendant) had stated that the copies of the case were made with the approval of supervisor Ernie Henshaw (not a defendant). Plaintiff argues that due process was denied in that he was disciplined despite this approval.  On August 3, 2004, adjustment committee Lieutenant Groaning (not a defendant) conducted a new

hearing and allowed Plaintiff's not guilty plea to be documented.  Another hearing was held and Ernie Henshaw testified that he authorized the copies.  The record and disciplinary action from the first hearing were expunged.

## COUNT 1

Plaintiff argues that the actions of Defendants Young, Bensko, Currie, McCann, and Potts (described above) constituted unlawful retaliation for Plaintiff's filing of complaints and grievances about the conditions of confinement at Shawnee Correctional Center.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Based on these legal standards and Plaintiff's allegations, Count 1 cannot be dismissed at this point in the litigation.

## COUNT 2

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  Without a loss of a protected liberty or property interest, the Court will not go on to evaluate the process due.

First, Plaintiff argues that Warden Parker (not a defendant) destroyed his grievances, in violation of due process.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.

1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Without a protected liberty interest, Plaintiff has failed to state a due process claim on these facts.

Plaintiff also appears to state a claim that he was denied due process in the loss of his prison job. However, an inmate does not have a constitutionally protected property or liberty interest in a prison job, *see DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000). Again, without statement of a liberty or property interest, Plaintiff fails to state a due process claim.

Finally, Plaintiff argues that he was denied due process in the disciplinary hearing regarding the confiscated *Blakely* opinion. As a result of the disciplinary action at issue, plaintiff lost commissary privileges and recreation time. Plaintiff argues that the procedures used at the first disciplinary hearing–improper documentation of his plea, failure to call witnesses, and a finding of guilt without investigation–violated due process. These allegations also do not present a viable constitutional claim. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Without a protected liberty interest, Plaintiff has failed to state a due process claim.

Based on the foregoing, Count 2 is **DISMISSED** from the action with prejudice.

### DEFENDANTS

Plaintiff lists David Cheeks as a defendant in the caption of the complaint. However, the statement of claim does not include any allegations against this defendant. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). A plaintiff must show that each defendant was "personally

responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  Accordingly, David Cheeks is **DISMISSED** as a defendant from the action.

<h3 style="text-align:center">DISPOSITION</h3>

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Young, Bensko, Currie, McCann, and Potts***.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Young, Bensko, Currie, McCann, and Potts*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former IDOC employees who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from IDOC pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**
**DATED:  August 25, 2006.**

_____ s/ James L. Foreman _____
**DISTRICT JUDGE**