IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN VIRGIL MCCUTCHEON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **04-558-WDS** |
| | ) | |
| **DONALD YOUNG, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff McCutcheon's "Motion for Reconsideration for Appointment of Counsel," which is construed as his third motion for appointment of counsel. **(Doc. 27).** Plaintiff explains that he is no longer celled with a "jailhouse lawyer," so he must litigate his First Amendment retaliation claims against defendant Young, the former warden at Shawnee Correctional Center. Plaintiff contends he is ignorant of the law and, in any event, he has not had access to the library in two weeks.

There is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. ***Jackson v. County of McLean***, 953 F.2d 1070, 1071 (7th Cir. 1992); *see also* 28 U.S.C. § 1915(d). The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" ***Farmer v. Haas,*** 990 F.2d 319, 322 (7th Cir. 1993); *see also* ***Greeno v. Daley***, 414 F.3d 645, 658(7th Cir. 2005).

The Court previously denied the appointment of counsel because plaintiff had not

1

demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard.  Plaintiff has still not shown that he has attempted to get a lawyer to assist him.  Plaintiff has not indicated the extent of his formal education, but his motion and affidavit are relatively well written, contain citation to legal authority and are in the expected format.  In addition, the facts and issues in this case are not legally or factually complex, and are of the type routinely litigated by prisoners without the assistance of counsel.  There is nothing in plaintiff's affidavit, or the rest of the record to indicate that plaintiff cannot proceed without counsel, at least not through the pretrial stage.

      **IT IS THEREFORE ORDERED** that plaintiff's third motion for appointment of counsel **(Doc. 27)** is **DENIED**.  The Court will remain open to appointing counsel if it becomes apparent that the appointment of counsel is warranted.

      **IT IS SO ORDERED.**

      DATED: June 12, 2007          s/ Clifford J. Proud  
                                                CLIFFORD J. PROUD  
                                                U. S. MAGISTRATE JUDGE