IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN V. MCCUTCHEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **04-558-WDS** |
| | ) | |
| **DONALD YOUNG,** | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

Before the Court is defendant Donald Young's motion to dismiss Counts 2-7 of the amended complaint. **(Docs. 44 and 45).** This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiff McCutcheon's amended complaint alleges the following claims:

1. Defendant Young violated plaintiff's First Amendment right to freedom of speech by disciplining plaintiff for filing grievances and writing government officials and the media about prison conditions.

2. Defendant Young violated plaintiff's First Amendment right to seek redress of grievances by disciplining plaintiff for filing grievances and writing government officials and the media about prison conditions.

3. Defendant Young violated plaintiff's right to equal protection under the Illinois constitution by disciplining plaintiff for filing grievances and writing government officials and the media about prison conditions.

4-6. Defendant Young violated plaintiff's right under the Illinois constitution to speak, write, publish and seek redress of grievances by disciplining plaintiff for filing grievances and writing government officials and the media about prison conditions.

7. Defendant Young violated plaintiff's rights under 730 ILCS 5/3-8-8(e) by disciplining plaintiff for filing grievances and writing government officials and the media about prison conditions.

**(Doc. 24).**

Young argues that:

1. Count 2 fails to state a claim for a violation of plaintiff's First Amendment right to seek redress of grievances, as plaintiff has failed to allege any facts regarding being prevented from petitioning for a remedy; and

2. Counts 2-7 should be dismissed as 42 U.S.C. § 1983 does not provide a remedy for deprivations of state protected rights or violations of state statutes.

Plaintiff has filed a response, including exhibits, generally arguing the merits of his First Amendment claim(s), and noting that 28 U.S.C. § 1367 provides for supplemental jurisdiction over related state law claims.  **(Doc. 48).**

### The Legal Standard(s) for Dismissal

As a preliminary matter, this Court notes that although plaintiff has now submitted documentation to bolster his case, for purpose of the subject motion to dismiss, only the amended complaint is being considered.  ***See* Fed.R.Civ.P. 12(b) (if matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as a motion for summary judgment and disposed of in accordance with Federal Rule of Civil Procedure 56).**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve a case on its merits.  ***See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326-27 (7th Cir.2000).**  When evaluating a Rule 12(b)(6) motion, a court must accept as true all factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor.  ***See Hentosh v. Herman M. Finch Univ. of Health***

*Scis./The Chicago Med. Sch.,* **167 F.3d 1170, 1173 (7th Cir.1999).** Because the Federal Rules of Civil Procedure establish a liberal pleading system that requires only notice pleading, "[a] complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal." *National Serv. Ass'n, Inc. v. Capitol Bankers Life Ins. Co.,* **832 F.Supp. 227, 230 (N.D.Ill.1993).**

However, as the Supreme Court recently stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic v. Twombly,* ___ **U.S.** ___, **127 S.Ct. 1955, 1964-1965 (2007) (internal citations and parenthetical information omitted).**

## Analysis

### 1. First Amendment Claims

Counts 1 and 2 are virtually identical First Amendment claims, except that Count 1 references freedom of speech, and Count 2 references redress of grievances. In *Pearson v. Welborn*, 471 F.3d 732, 740-741 (7th Cir. 2006), the Court of Appeals for the Seventh Circuit generally recognized that, in a similar factual situation, the form of speech is a distinction without a practical difference. This Court construes Counts 1 and 2 as both alleging retaliation for the exercise of his First Amendment rights. The factual scenario described in the amended complaint, and Counts 1 and 2 themselves, describe specific acts of retaliation in the form of discipline on specific dates. **(Doc. 24, pp. 3-8).** Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.

*See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Therefore, although Counts 1 and 2 may be redundant, they sufficiently present viable First Amendment claims. Consequently, defendant's motion to dismiss should be denied.

## 2. State Law Claims

Defendant Young argues that because Counts 1 and 2 are brought pursuant to 42 U.S.C. § 1983, which pertains strictly to the violation of federal constitutional and legal rights, Counts 3-7, which are premised upon the Illinois constitution and state law, are not properly before the Court. As plaintiff observes, 28 U.S.C. § 1367 (cited by plaintiff in the amended complaint) provides for supplemental jurisdiction over related state law claims. Therefore, defendant's argument is wholly without merit and his motion to dismiss should be denied.

## Recommendation

Fore the aforestated reasons, defendant Young's motion to dismiss Counts 2-7 of the amended complaint **(Doc. 44)** should be denied in all respects.

DATED:  September 14, 2007

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **October 1, 2007**.