IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN V. McCUTCHEON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-CV-558-WDS |
| | ) | |
| DONALD YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion for partial summary judgment (Doc. 55), to which plaintiff has filed a response (Doc. 57). Plaintiff seeks damages against defendant for retaliation in violation of 42 U.S.C. § 1983.

## INTRODUCTION

During plaintiff's term of incarceration, he has become "widely known" within the Illinois Department of Corrections (IDOC) as an inmate who writes many grievances, complaints, and letters to enforce prison regulations. On December 19, 2001, plaintiff was transferred to Shawnee Correctional Center, where defendant was employed as a correctional officer. Upon plaintiff's arrival, defendant allegedly told him "you're not going to be writing no complaints here . . . you're gonna love it here." (Doc. 24). However, while at Shawnee, plaintiff continued writing grievances, complaints, and letters.

Plaintiff alleges that, shortly thereafter, on August 12, 2002, defendant had plaintiff brought to a captain's office, where defendant presented the captain with grievances that plaintiff had written regarding the food at Shawnee. Plaintiff claims that defendant conspired to have him sent to segregation on that day. Plaintiff also alleges that soon thereafter, on August 29, 2002,

defendant conspired with prison officials to issue plaintiff a false disciplinary report in retaliation for his writing grievances, complaints, and letters.

On November 7, 2006, plaintiff filed a six-count amended complaint in this Court (Doc. 24), alleging that defendant's actions violated plaintiff's First Amendment right to freedom of speech under the United States Constitution (Count I), his First Amendment right to seek redress of grievances under the United States Constitution (Count II), his right to equal protection under the Illinois Constitution (Count III), his right to speak under the Illinois Constitution (Count IV), his right to publish freely under the Illinois Constitution (Count V), his right to apply for redress of grievances under the Illinois Constitution (Count VI), and his right to be free from disciplinary sanctions for the use of the grievance procedures under Chapter 730, Section 5/3-8-8(e) of the Illinois Compiled Statutes.

Defendant seeks summary judgment on three grounds, that: (1) the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e) bars plaintiff from recovering for his mental or emotional injuries; (2) defendant did not violate plaintiff's right to equal protection under the Illinois Constitution; and (3) defendant is entitled to qualified immunity on plaintiff's claim that defendant violated plaintiff's right to equal protection under the Illinois Constitution.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences

in that party's favor. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## ANALYSIS

Defendant asserts that the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e)[1], bars plaintiff from recovering damages for his mental or emotional injuries without a prior showing of physical injury. Plaintiff has not alleged that he suffered any physical injury as a result of defendant's actions and, therefore, the Court **FINDS** that plaintiff is not entitled to recovery for any mental or emotional injury under the PLRA on Counts I and II.

Second, defendant argues that he did not violate plaintiff's right to equal protection under the Illinois Constitution and, therefore, is entitled to summary judgment on Count III of the amended complaint. The Seventh Circuit evaluates equal protection challenges arising under the Illinois Constitution under the same standard as those arising under the Equal Protection Clause of the United States Constitution. *Smith on Behalf of Smith v. Severn*, 129 F.3d 419, 424 n.3 (7th Cir. 1997). To succeed on an action brought under the Equal Protection Clause, plaintiff must show "intentional discrimination . . . because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Huebschen v. Dep't. of Health and Social Services*, 716 F.2d 1167, 1171 (7th Cir. 1983).

Defendant argues that plaintiff cannot claim that defendant's basis for the alleged discrimination was his membership in a particular class because the amended complaint only claims that defendant retaliated against plaintiff for writing grievances, complaints, and letters, not on his race or class. Plaintiff has not shown that defendant's actions were based on his membership in a suspect class. Therefore, upon review of the record, the Court **FINDS** that

---

[1] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

defendant is entitled to summary judgment on Count III. Because the Court **FINDS** that defendant is entitled to summary judgment on Count III, it need not address defendant's alternative argument that he is entitled to qualified immunity on that count.

## CONCLUSION

Upon review of the record, the Court **FINDS** that plaintiff is not entitled to recover for any mental or emotional injuries that he may have suffered as a result of defendant's alleged retaliation as to Counts I and II and those claims for relief are **DISMISSED**. The Court further **FINDS** that defendant did not discriminate against plaintiff based on his membership in a particular class. Accordingly, the Court **GRANTS** defendant's partial motion for summary judgment and judgment is entered in favor of defendant and against plaintiff on Count III of the First Amended Complaint (Doc. 24).

**IT IS SO ORDERED.**

**DATED: March 31, 2008**

                 **s/ WILLIAM D. STIEHL**
                   **District Judge**