IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN VIRGIL MCCUTCHEON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **04-558-WDS** |
| | ) | |
| **DONALD YOUNG,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff McCutcheon's "Motion for Reconsideration and Response to Defendant Objection" [sic]. **(Doc. 62).** Plaintiff asks the Court to reconsider: (1) providing him with a free copy of the transcript of his deposition testimony; (2) appointing counsel to represent him at trial; and (3) transferring him from Menard Correctional Center to another facility. According to plaintiff, he has elected not to go to the prison law library because he wants to avoid retaliation by the law librarian, which could cause him to be sent to segregation. Plaintiff asserts that his efforts to get copies of newspaper articles bolstering his claims have been thwarted. In addition, plaintiff argues that he is untrained in the law and incapable of litigating this case against defense counsel. The defendant note that there is no constitutional right to be housed in a particular prison, not is there a right to free copies. **(Doc. 63).** Plaintiff's reply generally reiterates the arguments presented in his motion. **(Doc. 65).**

Although plaintiff is proceeding as a pauper, 28 U.S.C. § 1915(c) does not provide for the Court to assume the cost of obtaining a transcript of his deposition testimony on plaintiff's behalf. Third parties are not required to provide free services to facilitate litigation, and the

1

Court lacks authority for such cost shifting. ***Ivey v. Harney* 47 F.3d 181, 185 (7th Cir. 1995).** Similarly, there is no constitutional "right to xerox." ***Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983).**

This case pertains to alleged retaliation at Shawnee Correctional Center. Insofar as plaintiff suggests that officials at Menard Correctional Center may be retaliating against him or impeding his access to the Courts, he will have to file a separate action. Inmates have no right to be housed in a particular facility, and this Court will not interject itself into a situation removed from the issues in this action. ***See Meachum v. Fano*, 427 U.S. 215 (1976).**

There is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. ***Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992);** *see also* **28 U.S.C. § 1915(d).** The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" ***Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993)**; *see also* ***Greeno v. Daley*, 414 F.3d 645, 658(7th Cir. 2005);** *see also Pruitt v. Mote*, **503 F.3d 647 (7th Cir. 2007).** The Court of Appeals for the Seventh Circuit recently clarified in *Pruitt v. Mote* that relevant inquiry is whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently litigate the case– pretrial and at trial. ***Id.***

The Court has consider the appointment of counsel on four prior occasions. Plaintiff has presented no new reasons for appointing counsel during the pretrial stage. Plaintiff has still not demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard. Moreover, the facts and

2

issues in this case are not so complex that plaintiff cannot adequately present his case without counsel. As previously noted, even after plaintiff was no longer housed with a "jailhouse lawyer," his filings– even if not successful– adequately articulated his position and contained citations to legal authority. The Court will remain open to the possibility of appointing counsel for trial. A final pretrial conference is set for June 11, 2008, at which time plaintiff may orally move for appointment of counsel.

**IT IS THEREFORE ORDERED** that plaintiff's motion **(Doc. 62)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: May 30, 2008**         s/ Clifford J. Proud
                                **CLIFFORD J. PROUD**
                                **U. S. MAGISTRATE JUDGE**