IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN VIRGIL MCCUTCHEON,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. **04-558-CJP** |
| **DONALD YOUNG,** | ) ) ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff McCutcheon's pro se motion for judgment as a matter of law and for a new trial, pursuant to Federal Rules of Civil Procedure 50 and 59. **(Doc. 99).** Defendant Young's response **(Doc. 106)** and plaintiff's reply **(Doc. 109)** are also before the Court. Plaintiff argues that his court-appointed counsel was ineffective, thereby causing the jury to find in favor of the defendant in the above-captioned civil rights action.

### Relevant Procedural History

Plaintiff McCutcheon, who is an inmate in the custody of the Illinois Department of Corrections, sued defendant Warden Donald Young, alleging that:

1. Defendant violated plaintiff's First Amendment right to freedom of speech, and to seek redress of grievances, by having plaintiff sent to segregation on August 12, 2002, and causing a false disciplinary ticket to be issued on August 29, 2002– all in retaliation for filing grievances and writing government officials and the media about prison conditions;

2. Defendant violated plaintiff's right under the Illinois constitution to speak, write, publish and seek redress of grievances by disciplining plaintiff for filing grievances and writing government officials and the media about prison conditions; and

1

> 3. Defendant violated plaintiff's rights under 730 ILCS 5/3-8-8(e) by disciplining plaintiff for filing grievances and writing government officials and the media about prison conditions.

**(Docs. 24 and 72).**

Plaintiff proceeded pro se during the pretrial phase of the case, but at the final pretrial conference the Court granted plaintiff's motion for appointment of counsel, appointing Laura K. Beasley, of the law firm Donovan, Rose, Nester & Joley, P.C., to represent plaintiff *for trial only*. **(Docs. 71 and 73).** The Court appointed counsel, not because plaintiff was unable to proceed through trial pro se, but for the benefit of the Court and jury. **(Doc. 73).** The Court denied plaintiff's counsel's motion to reopen discovery, noting that plaintiff had opted not to conduct any meaningful discovery during the nearly four years the case had been pending, and observing that plaintiff appeared to have lost focus of what was actually at issue in the case. **(Docs. 80 and 81).** Plaintiff's focus was on the issues raised in his grievances and communications with government officials and the media— the food at the prison.

Defendant provided plaintiff's newly appointed counsel with documentary materials, so as to avoid surprise at trial. **(Doc. 81).** However, plaintiff's counsel's request to depose defense witnesses, and to conduct additional discovery was denied. *Id.* As previously indicated, the Court perceived that plaintiff had squandered his opportunity to conduct discovery and counsel had been appointed for the convenience of the Court and the jury. Plaintiff's counsel was permitted to amend the final pretrial order to add three additional witnesses. **(Docs. 82 and 83).** The Court assumed responsibility for the appearance of plaintiff's inmate witnesses listed in the final pretrial order, which included: "Inmate Lambert," and "Bernard Foster, B19093, Stateville Correctional Center." **(Doc. 72, p. 4).** The Court arranged for "Robert Lambert, B26022" and

"Bernard Foster B-19093"(among other inmate witnesses not relevant to plaintiff's motion) to appear at trial via video conferencing technology. **(Docs. 85, 86 and 90).** In accordance with 28 U.S.C. § 1915(d), plaintiff bore responsibility for securing the appearance of all other witnesses, including inmates who had been released from custody and prison personnel or former personnel. For example, plaintiff's witness list included "Supervisor Hamilton." **(Doc. 72, p. 4).**

The morning of trial, the Court granted plaintiff's motion in limine, explaining to counsel that the fact of plaintiff's underlying convictions for attempted murder, rape, burglary and aggravated kidnaping would be admissible, but the details of the crimes, including that the crimes involved two minor girls, would be barred.[1] **(Doc. 88).**

The case proceeded to trial, and a jury found in favor of defendant Young and against plaintiff in all respects. **(Docs. 90, 94 and 95).** Judgment was entered and mailed to the parties on September 23, 2008. **(Doc. 96).** The subject motion was filed October 10, 2009.[2] **(Doc. 99).**

## Issues Raised by Plaintiff

Plaintiff contends that:

1. Appointed counsel questioned plaintiff in front of the jury and elicited the details of plaintiff's underlying crimes;

2. Appointed counsel could not depose witnesses and, as a result, two inmates named Lambert and Foster appeared at trial who were not the individuals with

---

[1] The facts of plaintiff's underlying convictions are set forth in *People v. McCutcheon*, 490 N.E.2d 662 (Ill. 1986). Although the docketsheet does not reflect the disposition of plaintiff's motion in limine, the parties do not dispute that the motion was granted. **(Doc. 106, p. 2; and Doc. 109, p. 1).**

[2] The motion was filed within the ten-day period prescribed in Federal Rules of Civil Procedure 50 and 59, when one adds the three days provided by Rule 6(e) for mailing.

knowledge of the events at issue, whose testimony would have altered the jury's verdict;

3. Appointed counsel failed to obtain correct information regarding witness "Supervisor Hamilton," who was no longer a prison employee, thereby depriving plaintiff of crucial testimony;

4. Appointed counsel is a "probation officer of children" and should never have represented a sex offender; and

5. Appointed counsel could not or did not locate William D. Marshall, whose affidavit and/or testimony was crucial to plaintiff's case.

**(Docs. 99 and 109).**

## The Appropriate Procedural Mechanism

Plaintiff seeks relief under both Federal Rule of Civil Procedure 50 and 59. Rule 50 is applicable during trial, and such a motion may be renewed after trial. Plaintiff did not make a motion for judgment as a matter of law during trial, so there is no motion to renew post trial. Therefore, Rule 50 is not the appropriate procedural mechanism. However, plaintiff may seek a new trial or amended judgment pursuant to Rule 59, which provides in pertinent part:

> (a) Grounds for New Trial. The court may, on motion, grant a new trial on some or all of the issues-and to any party-as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court....

**Fed.R.Civ.P. 59(a).**

## Analysis

All of the errors alleged by plaintiff are attributed to appointed counsel, Laura K. Beasley. There is no constitutional right to counsel in a civil case. ***Lassiter v. Department of Social Services of Durham County, North Carolina*, 452 U.S. 18 (1981);** ***Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008).** "Lawyers' errors in civil proceedings are imputed to their

4

clients." *Ajose v. Gonzales*, **408 F.3d 393, 395 (7th Cir. 2005).** If counsel's conduct falls substantially below what is reasonable, the remedy is a civil action for malpractice. ***Link v. Wabash Railroa Co.*, 370 U.S. 626, 634 n. 10 (1962); *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 840 (7th Cir. 1999).** In *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001), the Court of Appeals for the Seventh Circuit applied these same principles to a prisoner civil rights action where counsel had been appointed by the Court, and squarely rejected the argument that appointed counsel's performance was so inadequate that plaintiff was deprived of a fair opportunity to present his case. ***See also Harris v. U.S. Department of Justice*, 600 F.Supp.2d 129 (D.D.C. 2009) (an example of a civil malpractice action against court-appointed counsel for an alleged conflict of interest).** Therefore, none of the issues raised by plaintiff can form the basis for altering the judgment and/or granting plaintiff a new trial.

Plaintiff's motion fails from another perspective, too. The reasons for granting a new trial fall into two categories; either "the verdict is against the manifest weight of the evidence or a prejudicial error occurred." ***Romero v. Cincinnati, Inc.,* 171 F.3d 1091, 1096 (7th Cir.1999) (citations omitted).** The standard for setting aside a jury verdict because of alleged misconduct by an attorney during trial is a high one. Federal Rule of Civil Procedure 61 provides: "Unless justice requires otherwise, no error in admitting or excluding evidence-or any other error by the court or a party-is ground for granting a new trial...." **Fed. R. Civ. P. 61.** Each of the issues raised by plaintiff is a non-starter.

Defendant correctly notes that, despite an order limiting the introduction of the specifics of plaintiff's crimes of conviction, plaintiff's counsel opened the door to the topic, not the Court or the defendant. Obviously, plaintiff cannot create his own avenue for upsetting the verdict.

5

*U.S. v. Moore*, 115 F.3d 1348, 1358 (7th Cir. 1997).

Plaintiff described his inmate witnesses in the final pretrial order as: "Inmate Lambert," and "Bernard Foster, B19093, Stateville Correctional Center." **(Doc. 72, p. 4).** The Court arranged for "Robert Lambert, B26022" and "Bernard Foster B-19093 to appear at trial. **(Docs. 85, 86 and 90).** Plaintiff now asserts that the wrong Robert Lambert and Bernard Foster testified. If this is true, the only one to blame is plaintiff himself, for not using the discovery period to properly identify his witnesses. The same analysis applies to "Supervisor Hamilton," who did not appear as a witness because he had left the employ of the Department of Corrections and apparently could not be located by appointed counsel. Appointed counsel should not be faulted, as the Court would not reopen discovery because to do so would have relieved plaintiff of the consequences of his own inaction.

Foster's purported testimony that he was given a ticket for inciting a riot, the same discipline defendant Young *threatened* plaintiff with, is irrelevant to the actual issues in this case– the ticket plaintiff did receive. Inmate Lambert's purported testimony regarding defendant's witness McGill trying to get inmate Lambert to lie and say he was plaintiff's enemy is irrelevant to defendant Young, who is not alleged to have any involvement in such a scheme to suborn perjury. Lambert's testimony that plaintiff had complained about spoiled milk and other food issues is not dispositive to this case, as there was no dispute that plaintiff had vigorously made such complaints. Supervisor Hamilton's purported testimony that plaintiff complained about spoiled milk and other food issues is similarly not dispositive. The three missing witnesses, alone or together, could not have conceivably altered the outcome of the trial.

Attached to plaintiff's motion is a copy of a piece of note paper bearing the heading,

"From the desk of...LAURA BEASLEY-PROBATION OFFICER," "Juvenile Division," and the seal for St. Clair County, Illinois. **(Doc. 99, p. 4).** The note was apparently part of the case file turned over to plaintiff, as it is hand-dated "7/8/09" and contains notes regarding setting a visit with plaintiff. Plaintiff, a convicted sex offender, concludes that his attorney was inherently prejudiced against him. All the note proves is that attorney Beasley formerly worked as a juvenile probation officer. At the time she was appointed to represent plaintiff, she was a member of the law firm Donovan, Rose, Nester & Joley, P.C. Therefore, there was no direct conflict of interest. Plaintiff intimates that there is an appearance of impropriety, but that argument is specious. As a St. Clair County probation officer supervising wayward juveniles, Beasley would not have had any obvious involvement with sexually abused children or their abusers. Moreover, the defendant was sued in his individual capacity; the State of Illinois and St. Clair County were not parties to this action. The link between St. Clair County and the State of Illinois is also too attenuated to support plaintiff's argument.

Plaintiff's final argument, that appointed counsel failed to locate William D. Marshall, whose testimony was allegedly crucial to plaintiff's case, fails because plaintiff does not explain what Marshall would have testified about. The Court perceives that Marshall would have testified about a pattern of placing inmates who had initiated litigation being placed in segregation. However, Federal Rule of Evidence 404(b) does not permit the introduction of evidence of other crimes, wrongs or acts to show action in conformity therewith.

**IT IS THEREFORE ORDERED** that plaintiff's motion for judgment as a matter of law and for a new trial **(Doc. 99)** is **DENIED** in all respects.

**IT IS SO ORDERED.**
**DATED: September 10, 2009**         **s/ Clifford J. Proud**
                                      **CLIFFORD J. PROUD**
                                      **U. S. MAGISTRATE JUDGE**